FARMERS & MERCHANTS' STATE BANK OF BEATRICE, AP-
PELLEE, V. JAMES THORNBURG ET AL., APPELLANTS.

FILED MARCH 5, 1902. No. 11,228.

Judicial Sale: APPRAISEMENT. After land has been sold in execution
of a decree of foreclosure it is too late to question the appraise-
ment, except in case of fraud.

APPEAL from the district court for Gage county. Heard
below before LETTON, J. *Affirmed.*

*Ernest O. Kretsinger,* for appellants.

*Leonard W. Colby, contra.*

SULLIVAN, C. J.

This is an appeal from an order of confirmation made by
the district court of Gage county in an action brought by
the Farmers & Merchants' State Bank against James
Thornburg to foreclose a mortgage upon lot 2 of block 35
in the city of Beatrice. The ground upon which the order
is assailed is that the appraisers deducted from the gross
value of the property the sum of $250 on account of a
prior mortgage which had in fact been paid and released
of record, but which was, nevertheless, through an error
of the register of deeds, certified to the sheriff as a sub-
sisting lien. The premises were valued by the appraisers
at $2,800, and the interest of the defendant, after deducting
the canceled mortgage and taxes, amounting to $12.05,
was fixed at $2,537.95. The selling price was $1,692,
which, it will be seen, was less than two-thirds
of the value of such interest as fixed by the ap-
praisers. Upon these facts, the district court did not
err in overruling the motion to vacate the sale. It
was the duty of the sheriff, acting in obedience to
the provisions of section 491d of the Code of Civil Proced-
ure, to deposit a copy of the appraisement in the office of
the clerk of the district court before the sale was adver-

tised. If this duty was performed,—and presumably it was,—the defendant knew, or at least was charged with knowledge of the value of his interest in the property as fixed by the appraisers, and he should have then moved to set the appraisement aside if he was dissatisfied with it. It has been frequently decided by this court, and is now the settled rule, that objections to an appraisement not founded upon fraud must be filed with the clerk of the district court before the sale occurs. *Vought v. Foxworthy,* 38 Nebr., 790; *Kearney Land & Investment Co. v. Aspinwall,* 45 Nebr., 601; *Security Investment·Co. v. Sizer,* 58 Nebr., 669. It is not claimed that the appraisers in this case acted fraudulently in deducting the $250 mortgage, and hence it was too late to question their appraisement after the sale had been made. The order of confirmation is

AFFIRMED.